[No. 2785.   Oct. 13, 1923.]

STATE v. SENA

SYLLABUS BY THE COURT

Where a statutory motion for change of venue is filed in a criminal case, and the question of the knowledge and interest of the supporting witnesses is opened up before the court by the state's examination of such witnesses, the defense, in the absence of some valid objection, should not be precluded, on cross-examination, from fully developing either the knowledge or the interest of the witnesses with respect to any of 'the material facts alleged in the motion or affidavits.

Appeal from District Court, San Miguel County; Leahy, Judge.

Apolonio A. Sena was convicted of criminal libel, and he appeals. Reversed and remanded, with directions.

E. R. Wright, of Santa Fe, for appellant.

Milton J. Helmick, Atty. Gen., John W. Armstrong, Asst. Atty. Gen., and O. O. Askren, of East Las Vegas, for the State.

OPINION OF THE COURT

BOTTS, J.   Appellant was convicted of criminal libel.   Before the jury was impaneled to try the case, appellant filed a motion for change of venue, in statutory form, supported by the affidavit of himself and that of two witnesses claiming to be disinterested. Based upon the previous decisions of this court (Territory v. Gonzales, 11 N. M. 315, 68 Pac. 925; Territory v. Emilio, 14 N. M. 147, 89 Pac. 239; Territory v. Cheney, 16 N. M. 476, 120 Pac. 335), sustaining the power and authority of the trial court to examine the supporting witnesses to a motion for a change of venue, coun-

sel for the state moved the court to have such support-
ing witnesses called and examined under oath. This
motion was granted, and the witnesses examined at
some length by counsel for the state and turned over
to counsel for the defense for cross-examination.

One set of facts alleged in the supporting affidavits
was not touched upon by counsel for the state in direct
examination, and, when appellant's counsel undertook
to examine the witnesses with reference to that portion
of said affidavits, objection was interposed upon a
ground which seems to us to be wholly without merit,
and in fact no attempt is made by the state in its brief
to justify the objection made to the admissibility of
this evidence. The objection was sustained, however,
and we agree with appellant that the court was thereby
led into error.

While it might be, from only the evidence before the
court at the time the examination of these witnesses
was closed, the trial judge was well satisfied that the
exercise of discretion with reference to the motion
should be against changing the venue, yet it would
seem clear that, when the question of the witnesses'
knowledge and interest is opened up before the court
by the state's examination of such witnesses, the de-
fense, in the absence of some valid objection, should not
be precluded, on cross-examination, from fully develop-
ing either the knowledge or the interest of the wit-
nesses with respect to any of the material facts alleged
in the motion of affidavits.

Objection is also made by appellant to the qualifica-
tions of the jury to try the case, but, inasmuch as the
case must be sent back for retrial because of the error
already pointed out, which retrial will be before a dif-
ferent jury, it would be of no benefit to the lower court
for us to discuss the objections raised in this particular.

For the reasons stated, the judgment of the lower
court should be reversed and remanded, with directions
to grant appellant a new trial; and it is so ordered.

BRATTON, J., concurs.

PARKER, C. J., did not participate in this opinion.